**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1*, a law enforcement officer,* JANE DOE-2*, a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br>   v. <br><br> INNOVATIVE WEB SOLUTIONS, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of  unknown entities*, <br><br> Defendants. | Case No.: |

**NOTICE OF REMOVAL**

TO:   Clerk of the Court
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street
      Newark, NJ 07101

**PLEASE TAKE NOTICE** that Defendant INNOVATIVE WEB SOLUTIONS, LLC

("Defendant" or "Innovative Web Solutions"), by and through its attorneys, Gordon Rees Scully

Mansukhani LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal

with respect to the case identified as *Atlas Data Privacy Corporation, et al. v.  Innovative Web*

*Solutions, LLC, et. al.*, Docket No. BER-L-1038-24 (the "State Court Action"), from the Superior

Court of New Jersey, Law Division, Bergen County. In support of this Notice of Removal, Defendant states as follows:[1]

**Timeliness of Removal**

1.      On February 15, 2024, Plaintiff Atlas Data Privacy Corporation ("Plaintiffs" or "Atlas"), as the assignee of individuals who are "Covered Persons" under Daniel's Law, P.L. 2023, c. 113, *N.J.S.A.* 56:81166.1 ("Daniel's Law"), along with various other individual Plaintiffs, filed a Complaint with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County. True and correct copies of the Summons, Complaint, initiating service documents, and State Court docket sheet are annexed hereto collectively as **Exhibit A**.

2.      Defendant has filed no pleadings in the State Court Action.

3.      Defendant was served with the Complaint on January 28, 2025.

4.      Because Defendant has filed this Notice of Removal within thirty (30) days of service, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(C).

**Basis for Removal**

5.      The basis for removal is diversity of citizenship under 28 U.S.C. § 1332.  First, complete diversity of citizenship exists.

6.      Atlas alleges that it is a Delaware Corporation with offices at 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.  Compl. ¶ 25.  "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business."  *Rose v. Mattress Firm, Inc.*, No. 21-1560, 2021 WL 4520647, at *1 (3d Cir. Oct. 4, 2021) (quoting *Lincoln*

---

[1] In making this removal, Defendant does not concede the allegations in the Complaint.

*Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)).  Thus, Atlas has alleged that it is

a citizen of the States of Delaware and New Jersey.

7.  The Complaint alleges that Plaintiffs Jane Doe-1, Edwin Maldonado, Scott

Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan are/were law

enforcement officers working in New Jersey.  Compl. ¶¶ 15-18, 22-24.  As a matter of law "[e]very

member of a police department and force shall be a resident of the State of New Jersey while

serving in such position."  N.J.S.A. 40a:14-122.8.[2]

8.  The Complaint alleges that Plaintiff Jane Doe-2 is a correctional police officer who

lives in Northern New Jersey.  Compl. ¶ 16; *see also Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir.

1995) (persuasive evidence of one's residence includes "place of employment…and civic life in a

jurisdiction").[3]

9.  Innovative Web Solutions is, and at the time of the commencement of this action

was, a limited liability company whose members reside(d) in Minnesota and Colorado.  Thus,

Lusha Systems is considered a citizen of the States of Minnesota and Colorado.

6.  Thus, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

7.  Second, while Defendant denies any liability as to Plaintiff's claims, Plaintiff's

Complaint plausibly alleges that the amount in controversy in this matter exceeds $75,000.00,

exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

---

[2] This statute does not define "residency." But the definition of "residency" is addressed in a separate residency requirement that covers "[e]very person holding an office, employment, or position in…the Executive, Legislative, or Judicial Branch of this State,…with an authority, board, body, agency, commission, or instrumentality of the State, [or]…with a county, municipality, or other political subdivision of the State." N.J.S.A. 52:14-7a. That statute establishes that residency" is akin to citizenship, requiring New Jersey to be the individual's "principal residence," meaning "the state (1) where the person spends the majority of the person's nonworking time, and (2) which is most clearly the center of the person's domestic life, and (3) which is designated as the person's legal address and legal residence for voting." Id. Notably, Daniel's Law also covers judges and prosecutors who would be subject to this requirement.

[3] In view of Daniel's Law, the Complaint does not state where these individual plaintiffs reside.

8.      Here, Plaintiffs asserts claims against Defendant as the assignee of "**approximately 19,931 individuals**…including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.  Compl. ¶ 26 (emphasis added).

9.      Plaintiff seeks to recover actual damages, not less than liquidated damages as allowed under Daniel's Law, at "$1,000 for each violation."  *See* Compl. ¶ 51.

10.     The Complaint does not specify nor attempt to quantify the exact number of alleged violations.  However, assuming one (1) violation for each "Covered Person" as defined in the Complaint, the cumulative exposure at $1,000 per each alleged violation plausibly exceeds the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a).

11.     Further, Plaintiff seeks to recover attorneys' fees as allowed under Daniel's Law. "With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute."  *Thompson v. Travelers Indemnity Co.*, No. 23-cv-02630, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024); Wright & Miller, 14AA Fed. Prac. & Proc. Juris. § 3704.2 (4th ed.) ("[i]f a state statute allows an award of attorneys' fees…the prospect of those fees being awarded can be factored into the amount in controversy.").

12.     Finally, Plaintiff also seeks to recover punitive damages as allowed under Daniel's Law.  Accordingly, the Court must also consider Plaintiffs' request for punitive damages in determining the amount in controversy.  *Hirsch v. Jewish War Veterans of Am.*, 537 F. Supp. 242, 244 n.3 (E.D. Pa. 1982) (punitive damages must be taken into account where recoverable under state law).

13.     In sum, even if Plaintiff were not seeking recovery for violation(s) on behalf of all 19,931 "Covered Persons" as set forth in the Complaint, the amount of actual/liquidated damages, attorneys' fees, and punitive damages for the eight (8) named Plaintiffs alone would plausibly

exceed the jurisdictional threshold of $75,000 if Plaintiff were to prevail at trial (which Defendant vehemently denies).

14.     Therefore, because diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a), this case falls within the original jurisdiction of this Court and is subject to removal on diversity grounds.

15.     This Notice of Removal is being filed in the United States District Court for the District of New Jersey, Newark Vicinage, because this is the district court vicinage in which the State Court Action is pending. 28 U.S.C. § 1441(a).

16.     Pursuant to 28 U.S.C. § 1446, Defendant will file written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division annexed hereto as **Exhibit B**. Defendant will also serve a copy of the notice filed with the Superior Court of New Jersey on counsel for Plaintiffs.

17.     By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

**WHEREFORE**, Defendant respectfully requests that the above-referenced civil action proceed in the United States District Court for the District of New Jersey, Newark Vicinage, as an action properly removed thereto.

5

Dated:          February 27, 2025

Respectfully Submitted,

By:  */s/ Clair E. Wischusen*
**GORDON, REES, SCULLY &**
**MANSUKHANI LLP**
 Clair E. Wischusen, Esq.
 Joseph Salvo, Esq. (*pro hac vice* forthcoming)
 John Mills, Esq. (*pro hac vice* forthcoming)
 Bianca Evans, Esq. (*pro hac vice* forthcoming)
 1 Battery Park Plaza
 Suite 2801
 New York, NY 10004
 Telephone: (212) 453-0725
 Facsimile: (212) 269-5505
 cwischusen@grsm.com
 jsalvo@grsm.com
 jtmills@grsm.com
 bevans@grsm.com

*Attorneys for Innovative Web Solutions, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2025, a true and correct copy of Defendant's Notice

Of Removal With Exhibit A, Civil Cover Sheet, and Diversity Jurisdiction Form, were

electronically filed with the Clerk of the District Court and served upon counsel for Plaintiffs at

the following address of record via FedEx overnight mail, postage prepaid:

Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
Genova Burns LLC
494 Broad Street
Newark, NJ 07102

John A. Yanhunis, Esq.
Ryan J. McGee, Esq.
201 North Franklin Street, 7th Floor
Tampa, FL 33602

Dated: February 27, 2025 Respectfully Submitted,

By: */s/ Clair E. Wishcusen*
**GORDON, REES, SCULLY &
MANSUKHANI LLP**
Clair E. Wischusen, Esq.