# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>INNOVATIVE WEB SOLUTIONS, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Case No.: 25-cv-01535 |

**DEFENDANT INNOVATIVE WEB SOLUTIONS, LLC'S
SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT
OF THE CONSOLIDATED MOTION TO DISMISS PLAINTIFFS'
COMPLAINTS FOR LACK OF PERSONAL JURISDICTION**

## I.     INTRODUCTION

Defendant Innovative Web Solutions, LLC ("Innovative Web Solutions") joins the consolidated Motion to Dismiss the Atlas Plaintiffs' Complaints for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2). As set forth in the consolidated motion, simply maintaining a website accessible to residents of New Jersey does not subject an out-of-state defendant to personal jurisdiction in that forum. *See Kim v. Korean Air Lines*, 513 F. Supp. 3d 462, 471 (D.N.J. 2021); *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 635 (D.N.J. 2004).

The declaration of Innovative Web Solutions' Chief Executive Officer, Mr. Wyatt Dolittle, establishes the absence of jurisdictional contacts between Innovative Web Solutions and New Jersey. Because the facts, as sworn to by Mr. Dolittle, confirm that none of the bases for general or specific jurisdiction exists, the claims against Innovative Web Solutions should be dismissed for lack of personal jurisdiction.

## II.    FACTUAL BACKGROUND

Innovative Web Solutions operates National Cellular Directory (nationalcelluardirectory.com), an information commerce search engine offering reverse address lookup, reverse phone number lookup, and people search services. *See* Dolittle Decl., ¶ 3.

Innovative Web Solutions is a corporation organized under Minnesota law and is headquartered in Wayzata, Minnesota. *Id.* ¶ 4. It is neither incorporated nor registered to do business in New Jersey and has not appointed any agent in the state for service of process. *Id.* ¶ 5. Innovative Web Solutions has never maintained an office, mailing address, or physical presence in New Jersey. *Id.* ¶ 6. It does not own or lease any real property in New Jersey and has no mailing address or telephone listing there. *Id.* It has no employees, officers, or agents in New Jersey and

does not direct any of its personnel to work there. *Id.* ¶ 7. It also lacks any bank accounts or financial assets in New Jersey and pays no taxes to New Jersey. *Id.* ¶ 8.

Innovative Web Solutions does not direct any advertising, marketing, or solicitation specifically toward New Jersey or its residents. *Id.* ¶ 9. While its website is generally accessible, it does not target New Jersey as a market for its products or services or tailor any aspect of its business to New Jersey consumers. *Id.*

Plaintiffs allege that takedown requests were sent and not adequately addressed by Innovative Web Solutions. However, none of Innovative Web Solutions' email addresses or communication channels used to manage takedown requests are maintained or operated in New Jersey. *Id.* ¶ 10. Therefore, any alleged failure to act on Innovative Web Solutions' part necessarily occurred outside the forum, negating any alleged nexus to New Jersey.

### III. ARGUMENT

#### A. Innovative Web Solutions Is Not Subject to General Jurisdiction in New Jersey.

General jurisdiction requires that a corporation be "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). For a corporation, the relevant inquiries focus on its state of incorporation and principal place of business. *Id.* at 137. Innovative Web Solutions is a Minnesota corporation with its principal place of business in Wayzata, Minnesota. Dolittle Decl., ¶ 4. It has never had a headquarters, office, or regular place of business in New Jersey. *Id.* ¶¶ 6–7. Consequently, it is not "at home" in New Jersey. *See Daimler*, 571 U.S. at 137; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### B. Innovative Web Solutions Is Not Subject to Specific Jurisdiction in New Jersey.

Specific jurisdiction exists only where a defendant purposefully directs its activities at the forum and the alleged injuries "arise out of or relate to" those activities. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Moreover, the relevant contacts must be the defendant's own, not based on "the unilateral activity" of the plaintiff. *Walden v. Fiore*, 571 U.S. 277, 286 (2014).

Here, Innovative Web Solutions does not target or advertise specifically to New Jersey. Dolittle Decl., ¶ 9. Its website is accessible nationwide, but broad accessibility alone does not establish that a defendant "purposefully availed" itself of a particular forum. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003); *see also Kim*, 513 F. Supp. 3d at 471 (rejecting reliance on mere website accessibility for jurisdiction). Further, any alleged inaction regarding takedown requests would necessarily have occurred outside of New Jersey. Dolittle Decl., ¶ 10. Plaintiffs' decision to send communications to a non-forum defendant does not create jurisdiction where Innovative Web Solutions has no presence or meaningful contacts. Because any alleged acts or omissions occurred outside New Jersey, the claims cannot "arise out of or relate to" forum-based activities. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017).

With no meaningful link to the forum and no conduct directed at the state that caused Plaintiffs' alleged injuries, the exercise of specific jurisdiction over Innovative Web Solutions would violate due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945).

## IV. CONCLUSION

For the foregoing reasons, and all the reasons articulated in the Consolidated Motion to Dismiss Plaintiffs' Complaints for Lack of Personal Jurisdiction, Innovative Web Solutions respectfully requests that this Court dismiss the claims against it under Federal Rule 12(b)(2).

Date: April 17, 2025                          Respectfully submitted,

By: */s/ Clair E. Wischusen*
Clair E. Wischusen
**GORDON REES SCULLY MANSUKHANI, LLP**
290 W. Mt. Pleasant Ave.
Suite 3310
Livingston, NJ 07039
Tel.: (973)549-2500
Fax: (973) 377-1911
Email: cwischusen@grsm.com

*Attorney for Defendant Innovative Web Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2025, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

Date: April 17, 2025

*/s/ Clair E. Wischusen*
Clair E. Wischusen