**Service of Process:**
1:25-cv-13535-ESK-SAK CLAYTON v. WILHELM

# U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

RECEIVED
JUL 25 2025
AT 8:30_____ M
CLERK, U.S. DISTRICT COURT - DNJ

The following transaction was entered on 7/21/2025 at 1:00 PM EDT and filed on 7/18/2025
**Case Name:** CLAYTON v. WILHELM
**Case Number:** 1:25-cv-13535-ESK-SAK
**Filer:**
**Document Number:** 1

**Docket Text:**
**Complaint Received. (Attachments: # (1) Application IFP, # (2) Exhibit Consent to Search/ Seize, # (3) Exhibit Statement of Claim Facts, # (4) Envelope). (in-dnw,)**

**1:25-cv-13535-ESK-SAK Notice has been electronically mailed to:**

**1:25-cv-13535-ESK-SAK Notice has been sent by regular U.S. Mail:**

ANDREW B. CLAYTON, SR.
438795/SRI727564-C
330 FEDERAL STREET
CAMDEN, NJ 08103

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/21/2025] [FileNumber=19743107-0] [77fa0bc4e6aa8c354d42feb10bcbb5dfa8d62272c1a8ab11aa60fd7e0a938f99dc 47cad6f02b4d58e848b76557458d06db4fc7c5d38821d88ea0a0b60b9a4098]]
**Document description:** Application IFP
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/21/2025] [FileNumber=19743107-1] [8f1b5972596fbdd777403e382c39c1733812da3ecdcd386e4d3627a11284b39436 b06e1c7d602c80b2b364d9665f58f513be3b42ccdb5674d7bf9666fa18fe62]]
**Document description:** Exhibit Consent to Search/Seize
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/21/2025] [FileNumber=19743107-2] [7311faa33ad605a84acb6556a6a6d45a405a851827f6d2a60310aa09104aba4266 3cf5580eb819445413cd3c495b86282062e0417ca7035b5fa64f8b723cb4f4]]
**Document description:** Exhibit Statement of Claim Facts
**Original filename:** n/a

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

MITCHELL H. COHEN BUILDING
& U.S. COURTHOUSE
4TH & COOPER STREETS
CAMDEN, NJ 08101
856-757-5057

## RULES AND PREFERENCES

The following shall apply to civil matters assigned to District Judge Edward S. Kiel. Failure to comply with the terms of the following rules and procedures may result in sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 16(f) and Rule 37.

**1. Communications with the Court.** All communications to the Court shall be by CM/ECF or by telephone. Absent permission from Chambers or as otherwise provided herein, the Court will not accept or consider communications by fax, mail, or email. Judge Kiel permits communications with his law clerks only as to questions regarding Chambers' procedures and not as to any substantive matters.

**2. Adjournment Requests.** Conferences and hearings, whether telephonic or in-person, are normally scheduled with ample notice to the parties. Accordingly, adjournment requests must be made no later than five business days before the scheduled conference or hearing and shall indicate whether all parties consent.

**3. Copies.** Two copies of all filed papers exceeding 40 pages per individual document shall be provided to Chambers by mail. Exhibits to any papers should be separated with corresponding exhibit tabs.

**4. Electronic Submissions.** All parties, with the exception of *pro se* parties, shall electronically file all documents. All filed papers shall be in a text-searchable PDF format as required by Local Civil Rule 5.21(h). Parties are directed to ensure that all supporting documents to a filing are docketed as attachments to the primary document. For example, a notice of motion filed at ECF No. 10, should have the supporting brief filed at ECF No. 10-1 and any further supporting documents at 10-2, 10-3, et. cetera.

**5. *Pro se Filings*.** All filings by *pro se* parties shall be mailed or filed directly with the Clerk's Office. Documents mailed to the courthouse must be addressed to the Clerk's Office, NOT Judge Kiel. *Pro se* parties are directed to the Procedural Guide for Pro Se Litigants found at: http://www.njd.uscourts.gov/sites/njd/files/ProSePacket_1.pdf.

### 6. Motion Practice.

**Pre-answer Motion Procedure.** In an effort to resolve cases expeditiously, a party must submit a pre-motion letter, not to exceed three single-spaced pages, requesting leave to file the following motions: (i) motion to dismiss; (ii) motion for a more definite statement; (iii) motion to remand; (iv) motion for change of venue; (v) or motion for judgment on the pleadings. The letter must set forth the basis for the anticipated motion and include citations to relevant authority. Within seven days after receipt of this letter, all adversaries must submit a written response, not to exceed three single-spaced pages. No party may submit a reply unless directed by the Court. Affidavits and exhibits are not permitted unless directed by the Court. A proffer by the attorney, however, of the contents of any such affidavit(s) and/or exhibit(s) shall suffice.

Failure to file a pre-motion letter may result in the motion being administratively terminated.

A party's submission of a pre-motion letter will toll that party's time to file its motion (or answer) through the date of the Court's decision as to whether leave will be granted. The Court reserves the right to hold a conference to determine whether leave will be granted.

This procedure does not apply to cases in which the pre-answer motions listed above are filed solely by or against *pro se* litigant(s) only, or in bankruptcy or social security appeals.

**Motions for Summary Judgment.** Parties may not file an early motion for summary judgment (i.e., prior to the close of fact discovery) without leave from either Judge Kiel or the Magistrate Judge. When seeking leave from Judge Kiel, the moving party must first submit a letter, no longer than three pages, summarizing the party's substantive argument. Within seven days of the moving party's letter, the party opposing the motion must submit a letter, no longer than three pages, summarizing the party's substantive argument in opposition.

Parties may not incorporate by reference, in their briefs, their numbered statements of material facts (L.Civ.R. 56.1(a)) or responses thereto

as a substitute for a statement of facts. In other words, briefs submitted as to motions for summary judgment must include a detailed statement of facts.

**Extensions of Time to a Deadline.** Extension requests shall be made by letter application, which shall indicate whether all parties consent.

**Motion Day.** The purpose of a motion's return date or "motion day" is to determine the briefing schedule for that motion, Unless otherwise notified by the Court, Judge Kiel decides all motions on the papers and no appearances are required on the motion day.

7. **RICO Cases.** In all matters in which the complaint contains a RICO claim, pursuant to 18 U.S.C. §§ 1961—1968, plaintiff(s) must file a RICO Case Statement within 30 days of filing the complaint, in accordance with Appendix O of the Local Civil Rules & Appendices found at: http://www.njd.uscourts.gov/LocalRules.html.

8. **Patent Cases.** Judge Kiel does not permit the filing of summary judgment motions in ANDA patent cases. A party may, however, submit a letter to the Court, not to exceed three single-spaced pages, seeking a waiver of this rule if the party believes that a summary judgment motion would assist the Court in expeditiously resolving the case and would resolve more than mere tangential issues. The letter must set forth the basis for the proposed motion for summary judgment, with citations to relevant authority, and the issue(s) expected to be resolved by the motion. Within seven days after receipt of this letter, all adversaries must submit a written response, not to exceed three single-spaced pages. No party may submit a reply unless directed by the Court.

9. **Class Action Cases.** It is Judge Kiel's practice to conduct a preliminary settlement approval hearing in advance of the final settlement approval hearing required by Rule 23(e). At the preliminary approval hearing the parties shall be prepared to address, in a reasonably comprehensive manner, all of the factors the Court will consider at the final approval hearing, including but not limited to the factors enumerated in Rule 23(e), *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 323 (3d Cir. 1998).

## Notices

1:25-cv-13535-ESK-SAK CLAYTON v. WILHELM

Preview document:

Next

---

# UNITED STATES DISTRICT COURT
## FOR THE District of New Jersey [LIVE]
### Camden, NJ

ANDREW B. CLAYTON, SR.

                                    Plaintiff,

v.                                                         Case No.: 1:25-cv-13535-ESK-SAK

                                                                Judge Edward S. Kiel

CHRIS WILHELM

                                    Defendant.

Date of the Filing of the Initial Pleading: 7/18/2025

     **Please put the case number on all documents you submit to the Court regarding this case. Please do not contact the Judge's chambers directly about your case. Any inquiries about your case should be directed to the Clerk's Office.**

### NOTICE OF GUIDELINES FOR REPRESENTING YOURSELF (APPEARING "PRO SE") IN FEDERAL COURT

     The purpose of this notice is to inform you that the Court has received your filing, and to give you some information about proceeding in your case. The information in this document is also available on the Court's website and in the Procedural Guide for Pro Se litigants.

     **Appearing *Pro Se*:** If you represent yourself in Court, you are called a "*pro se*" or a "self-represented" litigant. "Pro se" is a Latin term, meaning "on one's own behalf" and a "litigant" is someone who is either suing someone or is being sued in Court. The right to appear *pro se* in a civil case in federal court is contained in a statute, 28 U.S.C. § 1654. There are, however, certain limitations to self-representation, including: (1) in general, a *pro se* litigant may only bring claims on his or her own behalf; (2) corporations must be represented by an attorney; (3) a *pro se* litigant may not represent a class in a class action; and (4) a power of attorney does not permit a pro se litigant who is not an attorney to represent another person in federal court.

     **Scope of These Guidelines:** This document is intended to provide some basic guidelines to litigants who are proceeding without an attorney in civil cases. It is not intended as legal advice and is not a substitute for checking the rules that apply in your case. Please note that separate guidelines may apply in *habeas* cases, which are cases in which a litigant is challenging the constitutionality of his or her criminal conviction or sentence, and asking for release from prison or that the conviction be vacated.

     **Current Address:** The Court will send orders or notices filed in your case to you at the address you

provided to the Court. It is your responsibility to keep the Court and opposing counsel, if any, advised of your current mailing address. Failure to do so could result in Court orders or other information not being timely delivered, which may result in your case being dismissed for failure to prosecute, or otherwise affect your legal rights. The Court's local rules require you to file a notice of change of address with the Clerk of Court within seven (7) days of being apprised of any such address change. See Local Civil Rule 10.1(a). You may also waive the right to receive notice by first class mail pursuant to Fed.R.Civ.P. 5(b)(2)(D) and Fed.R.Civ.P. 77(d) and consent to receive service of documents and notice of electronic filings via the Court's electronic filing system by completing the Pro se Consent & Registration Form to Receive Documents Electronically located on our website.

**Submitted Documents:** All documents (e.g., pleadings, papers in support of or in opposition to a motion) that you wish to file must contain the civil action number, case caption and a document title (e.g., Complaint, Amended Complaint, Answer, Notice of Motion, Memorandum of Law). A motion must be filed when a party requests some form of relief from the Court. When filing a motion, you must include the word "motion" in the title of the document and state the relief you would like from the Court. Any document that you file with the Court must also be signed and dated. Letters or other documents should be sent to the Clerk's Office for filing and not directly to the Judge assigned to your case.

**Privacy Protection:** Federal Rule of Civil Procedure 5.2 prohibits litigants in a non-habeas proceeding from submitting documents that contain personal information. Unless the Court orders otherwise, personal identifying information in Court filings must be limited as follows:

- Social security numbers, taxpayer-identification numbers, and financial account numbers must include only the last four digits (e.g., xxx-xx-1234)

- Birth dates must include the year of birth only (e.g., xx/xx/2000)

- Names of persons under the age of 18 must be indicated by initials only (e.g., A.B.)

You are responsible for protecting the privacy of this information in your filings. If your filings contain any information that does not comply with this rule, please black out that information before sending your filing to the Court.

**Proceeding In *Forma Pauperis*:** If you cannot afford to pay the $350 filing fee and $55 administrative fee to file your civil case, you may file a motion to proceed without prepayment of those fees (this is called proceeding in *forma pauperis*). If the Judge in your case allows you to proceed in *forma pauperis*, you will be permitted to proceed without prepayment of the filing fee. If you are a prisoner, however, you will be obligated to pay the filing fee in installments (see the notice to prisoner litigants). You will not be entitled to the return of payments made toward the fee for any reason, even if your case is dismissed before service, in accordance with the laws that require the Court to screen in forma pauperis cases. See 28 U.S.C. § 1915(e)(2)(B) and the "Screening Requirements" section below. Please note that even if you are proceeding in forma pauperis, you must pay for copies of documents in your case.

**Assignment of Cases:** Amended effective 12/5/22: Local Civil Rule 40.1(c) states that "when a civil action, whether filed by counsel or a pro se party: (1) relates to any property included in a case already or previously pending in this Court; (2) grows out of the same transaction as any case already or previously pending in this Court; or (3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already or previously pending in this Court, counsel or the pro se party shall at the time of filing the action inform the Clerk of such fact. Whenever possible, such action shall be assigned to the same Judge to whom the pending or previously related action is or was assigned."

Additionally, pursuant to Local Civil Rule 40.1(g), "[a] civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse, but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey."

Local Civil Rule 40.1(h) further states that "if assignment to a Judge pursuant to (g) above is a reassignment of a civil action that results from the originally assigned Judge being named as a defendant in that civil action, the newly assigned Judge shall promptly determine whether the suit against the Judge is patently frivolous or judicial immunity applies. If the assigned Judge determines that judicial immunity is a complete defense or the suit against the Judge is patently frivolous and warrants the dismissal of the defendant Judge, the assigned Judge shall promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge. The Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge."

**Screening Requirements:** Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court screens all civil cases filed by prisoners, whether the prisoner pays the filing fee and administrative fee upfront or is granted leave to proceed in *forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court also screens all civil cases in which a plaintiff who is not a prisoner has been granted leave to proceed in forma pauperis. As soon as an Order is issued, a copy will be mailed to you. The Court generally will not appoint counsel, rule on motions, serve your Complaint on the Defendant(s), or require an Answer until after the screening process is complete.

**Service:** If you filed an application to proceed without prepaying the filing fee (in *forma pauperis*) and the Court grants your request, the Court may direct the U.S. Marshal to serve the summons and complaint on your behalf. If the Judge in your case does grant you leave to proceed in forma pauperis and directs the U.S. Marshal to serve the summons and complaint, you will be required to complete USM-285 forms so that service can be made by the U.S. Marshal. Upon receiving the USM-285 forms in the mail, you must complete them and return them pursuant to the instructions in the accompanying letter. Upon receipt of the completed USM-285 forms, the Clerk's Office will issue summons in your case and direct service of the complaint. Failure to return completed USM-285 forms may result in the dismissal of your case. If you are not proceeding in forma pauperis and have paid the filing fee, the Clerk's Office will issue summonses to you, and you will be responsible for serving the defendants in the case in the manner and time described in Federal Rule of Civil Procedure 4. Please note that Federal Rule of Civil Procedure 4(i) governs the service of the United States, its agencies, corporations, officers, and employees.

**Contacting the Court:** Do not send documents directly to the District Judge or Magistrate Judge assigned to your case. All documents must be filed with the Clerk of Court at one of the following addresses:

• Clerk of Court Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Camden, NJ 08101

• Clerk of Court Martin Luther King Building & U.S. Courthouse
50 Walnut Street Newark, NJ 07101

• Clerk of Court Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Trenton, NJ 08608

**Means of Filing:** You may submit documents in your case for filing by: (1) using the Court's Alternate Document Submission ("ADS") system, which is available through the Court's website; (2) by mail to one of the above addresses; (3) by placing them in the drop box at one of the courthouse lobbies; and/or (4) in person at the Clerk's office.

**Legal Advice:** The District Judges, Magistrate Judges, Pro Se Law Clerks and other Court staff cannot provide you with legal advice, meaning they cannot tell you what type of motion to file or advise you on other legal issues. However, Court staff can provide you with the proper forms and inform you of the status of your case. The Clerk of Court and other Clerk's Office staff do not have the authority to take any action with respect to your case unless a Judge or rule authorizes the Clerk to do so.

**Rules that Apply to Your Case:** Your case is subject to the Federal Rules of Civil Procedure and the Local Civil Rules of the District of New Jersey, which you can find on the Court's website, www.njd.uscourts.gov. Please note that motion practice in this District is governed by Local Civil Rule 7.1.

**Appeals:** If you want to appeal the final decision dismissing your case, a document titled Notice of Appeal must be filed in your district court case. See Federal Rule of Appellate Procedure 3(a). For more information about the appeals process, please see the website for the Third Circuit Court of Appeals for more information or contact the Third Circuit Court of Appeals.

**THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY. PLEASE DO NOT FILE ANY RESPONSES TO THIS NOTICE WITH THE COURT.**

[ Next ]