# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| |
|---|
| ATLAS DATA PRIVACY CORPORATION, et al., |
| Plaintiffs, |
| v. |
| INNOVATIVE WEB SOLUTIONS, LLC, et al. Defendants. |

Case No.: 1:25-cv-01535

## <u>BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL</u>

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND......................................................................................2

LEGAL ARGUMENT .............................................................................................9

CONCLUSION ....................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antico v. Ram Payment, LLC*,
    2024 U.S. Dist. LEXIS 174303 (D.N.J. Sept. 26, 2024) .....................................9

*Atlas Data Privacy Corp. v. LexisNexis Risk*,
    BER-L-000875-24 (Law Div. June 6, 2025) ......................................................14

*Atlas Data Privacy Corp. v. We Inform, LLC*,
    758 F. Supp. 3d 322 (D.N.J. 2024) .....................................................................15

*Blazovic v. Andrich*,
    124 N.J. 90 (1991) ..............................................................................................12

*Booker v. Twp. of Cinnaminson*,
    2012 U.S. Dist. LEXIS 147609 (E.D. Pa. Oct. 5, 2012) ...................................13

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)......................................................................................11, 14

*Click Go and Buy Inc. v. IT Assets, Inc.*,
    2024 U.S. Dist. LEXIS 234578 (D.N.J. Dec. 31, 2024)....................................17

*Delena v. Verizon N.Y. Inc.*,
    2006 U.S. Dist. LEXIS 53576 (W.D.N.Y. Aug. 2, 2006) .................................10

*Hasson v. FullStory, Inc.*,
    114 F.4th 181 (3d Cir. 2024) .................................................................12, 13, 16

*Helicopteros Nacionales De Colombia v. Hall*,
    466 U.S. 408 (1984)...........................................................................................16

*Hepp v. Facebook*,
    14 F.4th 204 (3d Cir. 2021) ...............................................................................13

*IMO Indus. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) .........................................................................12, 16

*Ingrao v. AddShoppers, Inc.*,
    2024 U.S. Dist. LEXIS 214748 (E.D. Pa. Nov. 25, 2024) .................................17

*Lasala v. Marfin Popular Bank Pub. Co.*,
410 F. App'x 474 (3d Cir. 2011) ............................................................................9

*Lloyd-Jones v. Connolly*,
2022 U.S. Dist. LEXIS 148894 (D.N.J. Aug. 19, 2022) ......................................9

*Marten v. Godwin*,
499 F.3d 290 (3d Cir. 2007) ..........................................................................12, 17

*Mesadieu v. Martinez*,
2023 U.S. Dist. LEXIS 70508 (D.N.J. Apr. 24, 2023).......................................10

*Newman v. N.C. Ins. Underwriting Ass'n*,
2020 U.S. Dist. LEXIS 212387 (D.N.J. Nov. 13, 2020) ....................................13

*NFIP, LLC v. Nifty Fiftys*,
2021 U.S. Dist. LEXIS 151693 (E.D. Pa. Aug. 12, 2021) .................................13

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) ..............................................................................11

*Pinninti v. NRI Med. Coll.*,
2010 U.S. Dist. LEXIS 55620 (D.N.J. Jun. 4, 2010) .........................................14

*Proteonomix, Inc. v. Crompton*,
2009 U.S. Dist. LEXIS 143083 (D.N.J. Nov. 10, 2009) ....................................13

*Filgueiras v. Midland Funding, LLC*,
2019 U.S. Dist. LEXIS 249634 (D.N.J. Mar. 7, 2019) ......................................10

*Rhodes v. Azeff*,
2025 U.S. Dist. LEXIS 15531 (W.D. Pa. Jan. 29, 2025) ...................................17

*Riedl v. McConchie*,
2015 U.S. Dist. LEXIS 60309 (D.N.J. May 8, 2015).........................................13

*Rockwood Select Asset Fund XI v. Devine, Millimet & Branch*,
750 F.3d 1178 (10th Cir. 2014) ..........................................................................16

*Rodi v. S. New Eng. Sch. of Law*,
255 F. Supp. 2d 346 (D.N.J. 2003).....................................................................14

*Shuker v. Smith & Nephew, PLC*,
  885 F.3d 760 (3d Cir. 2018) ...............................................................9

*Tocci v. Antioch Univ.*,
  2007 U.S. Dist. LEXIS 59706 (D.N.J. Aug. 15, 2007) ......................................14

*UMAC, Inc. v. Aqua-Gas AVK*,
  2005 U.S. Dist. LEXIS 6124 (E.D. Pa. Mar. 30, 2005) ....................................13

*Walden v. Fiore*,
  571 U.S. 277 (2014)...........................................................................16

*Wolstenholme v. Bartels*,
  511 F.App'x 215 (3d Cir. 2013).............................................................17

**Rules**

D.N.J. Civ. R. 37.1 ..........................................................................8, 10

Fed. R. Civ. P.  37(a)(1)......................................................................10

Fed. R. Civ. P.  37(a)(5)(A) ..................................................................18

Fed. R. Civ. P. 12(b)(1).......................................................................1

Fed. R. Civ. P. 30(b)(6)........................................................................4

**Other Authorities**

Black's Law Dictionary, *Intentional Tort* (12th ed. 2024).....................................15

Restatement (Second) of Torts § 8A (1965)...................................................12

Defendant Innovative Web Solutions, LLC ("IWS" or "Defendant") respectfully submits this brief in opposition to Plaintiffs' motion to compel personal jurisdiction discovery (the "Motion").

## **INTRODUCTION**

IWS has moved the Court to dismiss Plaintiffs' claims against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  In response to the motion, the Court authorized Plaintiffs to conduct *limited* discovery relevant to the issue of personal jurisdiction, and indeed cautioned Plaintiffs to be narrow in their requests.  In response, Plaintiffs served exceedingly broad discovery requests and previously moved this Court to compel certain responses to this discovery.  That request was denied.

In a clear attempt to circumvent this Court's prior order, Plaintiffs sought to question IWS's corporate witness about the exact same merits-based discovery, which questions were appropriately objected to.  Plaintiffs now seek to compel IWS to appear for a further deposition despite these clear, articulated objections and the Court's prior order on their motion to compel.  As this Court has previously held, these topics have no bearing on the issue of whether this Court has personal jurisdiction over IWS.  In their motion, Plaintiffs offer the same flawed arguments made in their first motion to compel.

1

As set forth in IWS' motion to dismiss and discovery conducted to date, it is clear that IWS has insufficient contacts with the State of New Jersey and has been haled into suit in a state with which it has no contacts whatsoever. Plaintiffs' motion and deposition questioning attempts to circumvent this Court's orders and directives are nothing short of a continuation of their fishing expedition. For these reasons, and the reasons set forth more fully below. Plaintiffs' motion should be denied.

## FACTUAL BACKGROUND[1]

The discovery conducted to date has already revealed that IWS lacks sufficient contacts, or any contact whatsoever, with the State of New Jersey sufficient for this Court to exercise personal jurisdiction over it. Despite IWS' prior responses to Plaintiffs' written discovery, Plaintiffs previously moved this Court to compel answers to certain Interrogatories, which requested that IWS:

> **Interrogatory 7:** Identify any audit, review, or evaluation of Defendant conducted since December 1, 2023 by any officers, directors, employees, contractors, vendors, and other individuals or entities acting on Defendant's behalf for compliance with New Jersey law for any of Defendant's services, products, or digital platforms that publish, provide access to, or otherwise makes available information subject to Daniel's Law.

> **Interrogatory 8:** Identify all officers, directors, employees, contractors, vendors, and other individuals or entities who, on Defendant's behalf, have reviewed, analyzed, processed, and/or responded to any Daniel's Law requests received since January 12, 2023.

---

[1] In the interests of brevity and judicial economy, Defendants do not recite the procedural history pertaining to this matter and the allegations in the Complaint, and assumes the Court's familiarity with same.

**Interrogatory 9:** Describe all actions taken by Defendant to respond to any written requests under Daniel's Law received since January 12, 2023, including all communications with persons who sent nondisclosure requests to Defendant requesting redaction of their home addresses and phone numbers.

**Interrogatory 10:** Identify any address or phone number of a New Jersey resident that remained available in the database associated with any of Defendant's products, services, or digital platforms 10 days or more after Defendant received a nondisclosure request from a person asserting a right to nondisclosure under Daniel's Law, including any address or phone number of a New Jersey resident that is currently available in the database of information associated with any of Defendant's products, services, or digital platforms.

*See* **Exhibit A**.  Plaintiffs' prior motion also asked the Court to compel IWS to respond to the following Requests for Production:

**RFP 5:** All documents reflecting or relating to Defendant's communications, correspondence, or interactions with Plaintiffs or any other New Jersey residents who sent Daniel's Law Requests to Defendant or any other entity associated with Defendant.

**RFP 6:** All documents reflecting or relating to Defendant's involvement with any related entity's communications, correspondence, or interactions with Plaintiffs or any other New Jersey residents who sent Daniel's Law Requests to Defendant or any other related entity.

**RFP 7:** All documents reflecting or relating to Defendant's policies, procedures, or practices for

      a.    Processing, responding to, or complying with Daniel's Law Requests from New Jersey residents sent to Defendant or any other related entity.
      b.    Handling information related to New Jersey residents.

*See* **Exhibit B**.  On August 13, 2025, this Court entered an order denying Plaintiffs' motion to compel answers to these Interrogatories and Requests for Production. ECF No. 31.  The order expressly stated that"[i]n ruling on the motion, the court has considered not only the relevance of the requested discovery to the issue of personal jurisdiction, but also proportionality to the needs of the cases."  *Id.*

The Court also entered an order permitting Plaintiffs "to take depositions on the issue of personal jurisdiction."  ECF No. 34.  In an attempt to circumvent the Court's prior ruling on their motion to compel, Plaintiffs served a Notice of Deposition on IWS pursuant to Rule 30(b)(6) listing, *inter alia*, the following topics for the deposition which directly correspond to the Interrogatories and Requests for Production discussed *supra*:

> **Topic 6:** Defendant's communications or interactions with New Jersey governmental entities, customers, or residents, including responses to Daniel's Law requests, opt-out or suppression requests, and any related correspondence with Plaintiffs.

> **Topic 7:** Defendant's policies, practices, training, or product modifications addressing New Jersey laws or regulations, including Daniel's Law, the New Jersey Identity Theft Prevention Act, and the New Jersey Fair Credit Reporting Act.

> **Topic 8:** Defendant's involvement in complaints, lawsuits, or investigations involving New Jersey residents and their position on personal jurisdiction in such matters.

*See* **Exhibit C**.[2]  In light of the Court's prior order, these topics are clearly improper and beyond the scope of the limited personal jurisdiction discovery that the Court authorized pursuant to at least two (2) separate orders.

Nonetheless, at IWS' deposition, Plaintiffs proceeded to question IWS' corporate witness on these very topics.  The questioning goes far beyond these enumerated topics and seeks merits-based discovery which is beyond the scope of discovery at this juncture.  By way of example:

- Are you familiar with a statute known as Daniel's Law, New Jersey? (**Exhibit D**, 14:8-9);

- **Does Innovative Web take any steps to suppress or restrict information relating to New Jersey residents?  And what steps does it take?** (*id.* at 51:1-5) (emphasis added);

- What categories of information does Innovative obtain from Pipl? (*id.* at 55:16-17);

- So the Privacy Policy will go to topic relating to Defendants' products and services provided to New Jersey residents and business.  And I'm going to be discussing policies in No. 7, Topic 7, Defendants' Policies, Practices, Training and Products, Modifications addressing New Jersey Law and Regulations, including Daniel's Law (*id.* at 84:1-10);

- And can you describe what categories of information are addressed by the Privacy Policy? (*id.* at 87:13-15);

- And who handles the processing of opt out requests?  . . . And how does Innovative prevent the investigation from reappearing if a user has opted out? (*id.* 91:10-19);

---

[2] Plaintiffs also served subsequent deposition notices containing the same topics but adjusting the date(s) and time(s) of the deposition.

- Do you track the opt out requests or log them (*id.* 92:7-8);

- How often do you generate opt out request reports? (*id.* 93:13-15);

- Are you aware of any threats to judges in the United States in the last five years? (*id.* 116:17-18);

- Are you aware of any threats to law enforcement[] . . . officers in the U.S. in the last five years? (*id.* 117:1-3);

- Were you aware that some laws restrict the publication or disclosure of home addresses and telephone numbers? (*id.* 117:6-8);

- Were you aware that New Jersey enacted a statute known as Daniel's Law? (*id.* 117:12-13);

- **When did Innovative first become aware of Daniel's Law?** (*id.* 117:16-17) (emphasis added);

- Are you aware of any threats to prosecutors in the last five years? (*id.* 117:20-21);

- **Have you received any nondisclosure requests from a covered person under Daniel's Law?** (*id.* 117:24-118:1) (emphasis added);

- **Have you ever received any opt out requests from a New Jersey resident?** (*id.* 118:4-5) (emphasis added);

- **Have you ever complied with any requests, opt out requests from New Jersey residents?** (*id.* 118:8-10) (emphasis added);

- Have you complied with any opt out requests from anybody in the United States? (*id.* 118:13-15);

6

- Have you complied with opt out requests when you aren't under any legal obligation to do so? (*id.* 118:18-20);

- Mr. Doolittle, prior to this lawsuit, were you aware of California's Consumer Privacy Act? (*id.* 119:13-15);

- Before this lawsuit, were you aware that state laws were passed to address the handling of personal information? (*id.* 119:18-21);

- Prior to this lawsuit, were you aware of incidents involving threats or violence directed at judges or their families? (*id.* 119:24-120:2);

- Mr. Doolittle, are you aware of privacy laws in the United States? (*id.* 125:20-21);

- **Do you comply with United States privacy laws?** (*id.* 125:25-126:1) (emphasis added);

- Are you aware of the impact of providing personal information . . . of users in the United States? (*id.* 126:10-12).

IWS' counsel invited Plaintiffs to elaborate on their position and advised that counsel was happy to contact the Court for further direction. *See, e.g.*, Exhibit D at 28:15-22 (". . . the judge has already issued an order striking those requests and there will be an objection with an instruction not to answer to the extent any questions are asked about issues that the judge has already ruled are not relevant."); 51:6-52:11; 55:18-59:11; 84:19-85:14; 87:18-88:24; 91:20-92:2; 93:16-95:2; 120:5-125:17. Plaintiffs rejected these overtures, simply stating that they believed that this questioning and these topics were somehow relevant to the issue of personal jurisdiction under the *Calder* effects test (while simultaneously acknowledged that

these issues delved into merits-based discovery) (*see id.* 28:2-14), but provided no basis as to why this questioning and these topics differ from the Court's prior order on the motion to compel (and despite IWS' counsel expressly referencing this order).

Following the deposition, Plaintiffs advised IWS that they intended to seek court intervention compelling IWS to appear for a second deposition.[3]  See **Exhibit E**.  Again, Plaintiffs provided no basis for this position other than to state that these topics are "directly relevant to the issue of personal jurisdiction under Calder[,]" and provided a unilaterally imposed deadline for IWS to provide its position for Plaintiffs to insert into their letter to the Court.  *See id.*  The Parties thereafter provided separate communications to the Court addressing this issue.  *See* **Exhibits F**, **G**.  However, Defendants did not have any further discussions with Plaintiffs' counsel regarding the alleged discovery deficiencies, and Plaintiffs thereafter proceeded to file the instant motion.  Such practice wholly ignores Local Civil Rule 37.1 (requiring a "good faith effort" to resolve any discovery issues).

Ultimately, for the reasons set forth more fully below, it is neither necessary nor proportional for Defendants to appear for a ***second*** deposition related to the issue

---

[3] Plaintiffs also initially advised IWS' counsel that they intended to move to compel a further deposition of Quantarium Alliance, LLC and Quantarium Group, LLC ("Quantarium"), who are also represented by the undersigned counsel.  At the deposition of Quantarium, the very same objections were raised with an instruction not to answer.  Plaintiffs, however, did not move to compel against Quantarium, and instead filed their opposition to Quantarium's motion to dismiss for lack of personal jurisdiction.  This conduct speaks to the lack of basis for a second deposition of IWS and Plaintiffs' continued fishing expedition.

of personal jurisdiction. Defendants have produced more than enough information to make it clear that there is no basis for personal jurisdiction in New Jersey. Plaintiffs have received all of the appropriate discovery as is relevant to the limited issue of whether this Court may exercise personal jurisdiction over Defendants. As such, Plaintiffs' Motion should be denied.

## LEGAL ARGUMENT

On a motion to compel, the moving party "bears the initial burden of showing the relevance of the requested information. The burden then shifts to the party resisting discovery to justify withholding it." *Lloyd-Jones v. Connolly*, 2022 U.S. Dist. LEXIS 148894, at *18 (D.N.J. Aug. 19, 2022). "[J]urisdictional discovery is not a license for the parties to engage in a fishing expedition." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 782 n.20 (3d Cir. 2018) (internal quotations omitted); *see also Antico v. Ram Payment, LLC*, 2024 U.S. Dist. LEXIS 174303, at *6 (D.N.J. Sept. 26, 2024) ("Jurisdictional discovery should not . . . serve as a fishing expedition into the underlying merits, all while under the guise of jurisdictional discovery."); *Lasala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011) ("[T]his Court has cautioned against allowing jurisdictional discovery to serve as a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.") (internal quotations omitted). Here, Plaintiffs' motion should be denied as these very same arguments were already raised, fully briefed, decided and rejected

in this Court's prior order on Plaintiffs' motion to compel. As this Court has already ruled, there is simply no basis for these topics or line of questioning within the limited scope of personal jurisdiction at this juncture.

As a preliminary matter, Plaintiffs never met and conferred with IWS before filing the instant motion in direct violation of Rule 37(a)(1) and Local Rule 37.1. This failure mandates denial of Plaintiffs' motion outright. *See Mesadieu v. Martinez*, 2023 U.S. Dist. LEXIS 70508, at *7 (D.N.J. Apr. 24, 2023) (holding that "failure to comply with . . . L. Civ. R. 27.1(b)(1) is a sufficient procedural basis upon which to deny" a motion to compel). Moreover, as set forth at length above, Plaintiffs raise the very same issues that were previously fully briefed, decided and rejected in this Court's prior order on Plaintiffs' motion to compel. *See* ECF No. 31. Plaintiffs' gamesmanship and complete disregard of this Court's prior order serves as a further basis for denial of the motion. *See, e.g.*, *Filgueiras v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 249634, at *11 (D.N.J. Mar. 7, 2019) ("Plaintiff has now raised it again, making the same arguments that this Court rejected in August. The Court once again denies Plaintiffs request with regard to the underlying agreements . . ."); *Delena v. Verizon N.Y. Inc.*, 2006 U.S. Dist. LEXIS 53576, at *5-6 (W.D.N.Y. Aug. 2, 2006) (denying motion to compel where the motion was filed

in "an effort to circumvent the court's previous discovery order," and "is not proper.").[4]

Putting this threshold issues aside, and assuming that the Court were to entertain the merits of Plaintiffs' motion, Plaintiffs' argument still fails. Plaintiffs argue that further deposition questioning is necessary to establish personal jurisdiction under the effects test *and* the purposeful availment test. *See* ECF No. 50-12 at p. 6. Neither of these support Plaintiffs' position. *First*, as to the purposeful availment test, Plaintiffs can demonstrate that specific jurisdiction exists over IWS if (1) IWS has "purposefully directed" its activities to New Jersey; (2) the litigation arises out of or relates to those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

*Second*, while Plaintiffs are mistaken in arguing that the effects test applies, as Plaintiffs acknowledge, the effects test requires that (1) Defendants commit an intentional tort; (2) Plaintiffs were harmed in the forum; and (3) Defendants expressly aimed their tortious conduct at the forum. *See* ECF No. 50-12 at pp. 6-7.

---

[4] In their motion, Plaintiffs somehow make the argument that, in its prior ruling on their motion to compel, the Court held that the information was more appropriate for discovery during depositions. This argument simply has no basis based on the plain language of the order particularly because, at the time, the Court had not yet even allowed Plaintiffs to take depositions. *See* ECF No. 31.

(quoting *Hasson v. FullStory, Inc.*, 114 F.4th 181, 187 (3d Cir. 2024)) (internal quotations omitted); *see also IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998). "The effects test prevents a defendant from being haled into a jurisdiction . . . if the defendant did not expressly aim *its conduct* at the state." *Hasson*, 114 F.4th at 191 (citing *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007). Under New Jersey law, an intentional tort requires intent to harm, *i.e.*, "To act intentionally involves knowingly or purposefully engaging in conduct 'substantially certain' to result in injury to another." *See Blazovic v. Andrich*, 124 N.J. 90, 107 (1991) (quoting *Restatement (Second) of Torts* § 8A comment b (1965)).

Plaintiffs offer no explanation or argument for how the questioning discussed at length above has any impact on the jurisdictional analysis rather than stating that these questions seek to establish that IWS was "aware of or received Daniel's Law notices from New Jersey residents . . ." ECF No. 50-12 at p. 14. Apparently, this questioning demonstrates "actual or constructive knowledge" that IWS "was targeting" the covered person in New Jersey. *Id.* at p. 15. This position bears no relevance to either the purposeful availment test or the effects test.

**Purposeful Availment Test** – In order to establish personal jurisdiction under the purposeful availment test, the relevant question is whether Defendants purposely availed themselves of the privilege of conducting activities within New Jersey and, specifically, whether Defendants have "minimum contacts" with New Jersey to

12

show that Defendants "took a deliberate act reaching out to do business" in New Jersey and that "give[s] rise to—or relate[s] to—[Plaintiffs'] claims." *Hasson*, 114 F.4th at 186; *see also Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021)) (internal quotations omitted).

Any actions taken by Defendants in response to Plaintiffs' (or anyone else's) conduct cannot provide a basis for personal jurisdiction under the purposeful availment test. *See, e.g.*, *NFIP, LLC v. Nifty Fiftys*, 2021 U.S. Dist. LEXIS 151693, at *16 (E.D. Pa. Aug. 12, 2021); *Newman v. N.C. Ins. Underwriting Ass'n*, 2020 U.S. Dist. LEXIS 212387, at *24 (D.N.J. Nov. 13, 2020) ("[Defendant's] phone call and letter . . . were merely responses to Plaintiff's actions. It is well-settled that unilateral activity on the part of a plaintiff does not make a defendant amenable to personal jurisdiction."); *Riedl v. McConchie*, 2015 U.S. Dist. LEXIS 60309, at *10 (D.N.J. May 8, 2015); *Booker v. Twp. of Cinnaminson*, 2012 U.S. Dist. LEXIS 147609, at *4 (E.D. Pa. Oct. 5, 2012) ("letters sent to [plaintiff] were in response to [plaintiff's] unilateral activity, and thus do not demonstrate the [defendant] deliberately targeted Pennsylvania"); *Proteonomix, Inc. v. Crompton*, 2009 U.S. Dist. LEXIS 143083, at *5-6 (D.N.J. Nov. 10, 2009) (citations omitted); *UMAC, Inc. v. Aqua-Gas AVK*, 2005 U.S. Dist. LEXIS 6124, at *11 (E.D. Pa. Mar. 30, 2005) ("contacts [which] constitute responses to unilateral actions by [plaintiff] . . . cannot satisfy the requirement of contact within the forum state").

Plaintiffs' very theory in the exact same context has been rejected by New Jersey's Appellate Division. *See Atlas Data Privacy Corp. v. LexisNexis Risk*, BER-L-000875-24 (Law Div. June 6, 2025) ("the allegations that the unlawful actions occurred in New Jersey are *based on the unilateral activities of the Plaintiffs*") (emphasis added); *see also Burger King*, 471 U.S. at 475 ("a defendant will not be haled into a jurisdiction solely as a result of . . . unilateral activity of another party"). Moreover, IWS' compliance with and awareness of certain privacy laws does nothing to support any minimum contacts with the State of New Jersey.  To wit, certain of Plaintiffs' questioning pertaining to the laws of *California*, further undermining Plaintiffs' argument.  *See* Exhibit D at 119:13-15.

Plaintiffs' argument that the alleged disclosure of information subject to Daniel's Law after receipt of a non-disclosure request does not lead to a contrary conclusion.  *See, e.g.*, *Pinninti v. NRI Med. Coll.*, 2010 U.S. Dist. LEXIS 55620, at *22-23 (D.N.J. Jun. 4, 2010) (finding a lack of minimum contacts where all of the actions taken by defendants that were "directed to the plaintiffs in New Jersey . . . were in response to actions of the plaintiffs and occurred in Michigan."); *Rodi v. S. New Eng. Sch. of* Law, 255 F. Supp. 2d 346, 350-51 (D.N.J. 2003); *Tocci v. Antioch Univ.*, 2007 U.S. Dist. LEXIS 59706, at *11 (D.N.J. Aug. 15, 2007).  In sum, the discovery conducted to date establishes that personal jurisdiction under the

traditional purposeful availment test over IWS is improper, and Plaintiffs' motion fails to demonstrate any basis for a further deposition.

**Effects Test** – Plaintiffs are similarly mistaken in their argument that (1) the effects test applies here; and (2) the questioning is relevant to establishing personal jurisdiction under the effects test. Daniel's Law is not a "tort," much less an "intentional tort." *See* Black's Law Dictionary, *Intentional Tort* (12th ed. 2024) (an intentional tort is "[a] tort committed by someone acting with general or specific intent. Examples include battery, false imprisonment"). This Court has already found that Daniel's Law lack a specific standard of liability in its decision dated November 26, 2024, explaining "the court concludes that Daniel's Law does not mandate a specific intent standard of liability." *Atlas Data Privacy Corp. v. We Inform, LLC*, 758 F. Supp. 3d 322, 341 (D.N.J. 2024) ("Daniel's Law must be read as imposing liability only if a defendant unreasonably disclosed or made available [information] after the statutory deadline had expired.").

The Complaint does not identify any "intentional" wrongdoing, nor does it mention the "effects test" at all. Indeed, the Complaint does not even once use the words "intentional" or "intentionally," and there is no allegation that Defendants intended to violate Daniel's Law, intended to harm anyone, or intentionally disclosed someone's information knowing that they were substantially certain to be harmed—nor could it. As such, Plaintiffs' reliance on the "effects test" should be

rejected. *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 290 (2014) (under the "effects test," explaining that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but *whether the defendant's conduct connects him to the forum* in a meaningful way") (emphasis added); *Rockwood Select Asset Fund XI v. Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014) ("*Walden* teaches that personal jurisdiction cannot be based on interaction with a plaintiff known to bear a strong connection to the forum state.").

The issue of whether Defendants had "actual or constructive knowledge" of any supposed "duties under Daniel's Law" has no impact on the jurisdictional analysis. *See IMO Indus.*, 155 F.3d at 266 ("[knowledge] alone is insufficient to satisfy the targeting prong of the effects test."); *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 411 n.9 (1984) (to establish specific jurisdiction, plaintiff must show the action is "arising out of or related to the defendant's contacts with the forum"). A defendant's mere "knowledge" that a plaintiff in the forum will be harmed does not show that its actions "expressly targeted" the forum for purposes of the "effects test," or any other prerequisite to establishing personal jurisdiction. *Hasson*, 114 F.4th at 196 (3d Cir. 2024) ("We have **rejected the argument that the 'expressly aiming' requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state**." (emphasis added)) (internal quotations

omitted); *Wolstenholme v. Bartels*, 511 F.App'x 215, 219 (3d Cir. 2013) (quoting *Marten*, 499 F.3d at 297 ("the effects test prevents a defendant from being haled into a jurisdiction solely because the defendant intentionally caused harm that was felt in the forum state if the defendant did not expressly aim his conduct at that state.").

In the wake of *Hasson*, several district courts have applied the effects test in circumstances relevant here. *See Click Go and Buy Inc. v. IT Assets, Inc.*, 2024 U.S. Dist. LEXIS 234578, at *20 (D.N.J. Dec. 31, 2024) (a defendant is not subject to personal jurisdiction in the plaintiff's home state "as soon as the defendant learns what that state is."; "[t]he mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy *Calder*."); *Rhodes v. Azeff*, 2025 U.S. Dist. LEXIS 15531, at *15 (W.D. Pa. Jan. 29, 2025) ("the mere posting of allegedly defamatory statements online will not suffice, as explained in *Hasson*.") (quotations omitted); *Ingrao v. AddShoppers, Inc.*, 2024 U.S. Dist. LEXIS 214748, at *26 (E.D. Pa. Nov. 25, 2024) (software company does not expressly target Pennsylvania "simply by providing code for" a website accessible in the forum).

Simply stated, there is no allegation in the Complaint and Plaintiffs have not pointed to any contacts with New Jersey indicating that IWS expressly aimed tortious conduct at New Jersey and thereby made New Jersey the focal point of its activity related to this case. For this reason, the effects test does not apply and the

deposition questioning sought by Plaintiffs are wholly irrelevant to the application of the effects test to IWS.  Thus, Plaintiffs' motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to compel in its entirety, together with such other and further relief as this Honorable Court deems just, proper and equitable.[5]

Dated: January 26, 2026          Respectfully Submitted,

                                 GORDON REES SCULLY MANSUKHANI, LLP


                                 By:*/s/ Clair E. Wischusen*
                                 _____
                                      Clair E. Wischusen
                                      John T. Mills (*pro hac vice*)
                                      290 W. Mt. Pleasant Avenue, Suite 3310
                                      Livingston, New Jersey 07039
                                      Tel: (973) 549-2500
                                      Fax: (973) 377-1911
                                      Email: cwischusen@grsm.com

                                      *Attorneys for Defendant Innovative Web Solutions, LLC*

---

[5] Plaintiffs also request that, "[c]onsistent with the mandatory requirement under Rule 37, [IWS] should be ordered to pay for the costs of the court reporter and transcript for the additional deposition[.]"  *See* ECF No. 50-12 at p. 18.  Because Plaintiffs filed the instant motion "before attempting in good faith to obtain the disclosure or discovery without court action[,]" because any alleged "nondisclosure, response, or objection [by IWS] was substantially justified[,]" and because "other circumstances make an award of expenses unjust[,]" for the reasons set forth herein, such relief is inappropriate (and, indeed, impermissible) pursuant to Rule 37(a)(5)(A).