## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.*, | Case No. 1:24-cv-04261 |
| Plaintiffs, | |
| v. | |
| EQUIMINE, INC., *et al.*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *et al.*, | Case No. 1:24-cv-04292 |
| Plaintiffs, | |
| v. | |
| MELISSA DATA CORPORATION, *et al.*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *et al.*, | Case No. 1:25-cv-01535 |
| Plaintiffs, | |
| v. | |
| INNOVATIVE WEB SOLUTIONS, LLC, *et al.*, | |
| Defendants. | |

i

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL FURTHER PERSONAL JURISDICTION DISCOVERY**

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
One Boland Drive, Suite 101
West Orange, New Jersey 07052
Telephone (973) 577-5500
Email: rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

**BIRD MARELLA RHOW LINCENBERG DROOKS NESSIM LLP**
Ekwan E. Rhow (*pro hac vice*)
Elliot C. Harvey Schatmeier (*pro hac vice*)
Bill L. Clawges (*pro hac vice*)
1875 Century Park East, 23rd Fl.
Los Angeles, California 90067
Telephone: (310) 201-2100
Email: erhow@birdmarella.com
ehs@birdmarella.com
bclawges@birdmarella.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................................iv

INTRODUCTION ............................................................................................1

ARGUMENT ...................................................................................................2

   I.   The Court's Order Limiting Some Interrogatories Did Not Limit Basic
        Questions Regarding Personal Jurisdiction.....................................................2

   II.  Defendants Must Answer Personal Jurisdiction Deposition Questions
        Even if the Questions also Relate to the Merits .............................................4

   III. The Calder Effects Test is Applicable and Satisfied by Defendants'
        Conduct.......................................................................................................5

   IV. Defendants Waived Any Objections to the 30(b)(6) Topics, and Plaintiffs
        Had No Obligation to Meet and Confer .........................................................9

CONCLUSION................................................................................................11

CERTIFICATE OF SERVICE .........................................................................12

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

<u>Barton v. RCI, LLC,</u>
    2013 WL 1338235 (D.N.J. April 1, 2013) ........................................................... 4

<u>Goldfarb v. Kalamodos,</u>
    539 F.Supp.3d 435 (E.D. Pa. 2021) ..................................................................... 8

<u>Hasson v. FullStory, Inc.,</u>
    114 F.4th 181 (3d Cir. 2024) ................................................................................ 8

<u>Johnson v. Griffin,</u>
    85 F.4th 429 (6th Cir. 2023) ................................................................................. 8

<u>Mohammadi v. United States,</u>
    2025 WL 2100397 (D.N.J. July 25, 2025) .......................................................... 4

<u>Monturi v. Englewood Hosp.,</u>
    588 A.2d 408 (N.J. App. Div. 1991) .................................................................... 6

<u>S.R.P. ex rel. Abunabba v. United States,</u>
    676 F.3d 329 (3d Cir. 2012) ................................................................................ 4

<u>Toys "R" Us, Inc. v. Step Two, S.A.,</u>
    318 F.3d 446 (3d Cir. 2003) .......................................................................... 2, 5, 6

<u>United Emp. Assocs. v. Landmark Constr. Co.,</u>
    2024 WL 3086252 (E.D. Pa. June 21, 2024) ...................................................... 5

### <u>OTHER AUTHORITIES</u>

Restatement (Second) of Torts §§ 161, 825 ................................................................ 7

### <u>RULES</u>

Fed. R. Civ. Proc. 26(b)(1) ......................................................................................... 4

Fed. R. Civ. Proc. 30(b)(6) ..................................................................................... 9, 10

Fed. R. Civ. Proc. 37 ................................................................................................. 11

## **INTRODUCTION**

Plaintiffs' opening brief in support of their motion to compel established that the Court already determined that Plaintiffs' allegations warranted narrowly tailored discovery into Defendants' activities and operations related to specific jurisdiction. Defendants have not shown they should not be compelled to provide that discovery.

Contrary to Defendants' arguments in their opposition brief,

- The Court did not categorically preclude deposition questions relevant to personal jurisdiction under the Calder effects test when it limited the scope of some of the interrogatories;

- There is no bar to narrowly tailored personal jurisdiction discovery because that discovery may overlap with merits discovery;

- The reason the Court already ordered the limited discovery into personal jurisdiction was to determine whether specific jurisdiction exists under the Calder effects test (and the traditional test). Defendants cannot refuse to provide that relevant discovery by asserting there are no facts to support the application of the Calder test. Application of the Calder effects test requires discovery about Defendants' alleged violations of Daniel's Law, and their knowledge that Plaintiffs would suffer the brunt of the resulting harm of those violations in New Jersey.

1

**ARGUMENT**

## I.   THE COURT'S ORDER LIMITING SOME INTERROGATORIES DID NOT LIMIT BASIC QUESTIONS REGARDING PERSONAL JURISDICTION

Defendants do not dispute that they refused to answer questions properly posed at their personal jurisdiction depositions. Instead, they argue circuitously that they do not have to answer those questions because the Court already ruled that they do not have to answer underlined interrogatories about their purposeful acquisition and disclosure of New Jersey phone numbers and addresses, their knowledge of the harm Plaintiffs suffered, and where the brunt of that harm was felt. In other words, Defendants assert that they do not have to provide the very information required to determine if personal jurisdiction exists over them.

Under Third Circuit law, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (granting plaintiff's request for jurisdictional discovery and reversing district court's grant of motion to dismiss for lack of personal jurisdiction). The Court did that here by ordering personal jurisdiction discovery, including depositions, to proceed.  Because the assertion of personal jurisdiction under the Calder effects test is not clearly frivolous—as the Court acknowledged—this narrowly focused discovery must be allowed. Id.  It makes no sense that the Court ordered narrowly tailored personal

2

jurisdiction discovery to proceed but foreclosed discovery into the core information related to that inquiry.

It is true that the Court ruled that Defendants did not have to answer certain interrogatories related to personal jurisdiction. Defendants read too much into that order. A more reasonable interpretation is that the Court was acting to narrow the breadth and burdens of discovery that was more easily obtained via deposition testimony. Defendants claim that the Court did much more and go so far as to state the order regarding depositions prejudged deposition questions that had not yet been asked, and categorically precluded focused questions that go to the heart of the personal jurisdiction determination that must be undertaken here. The Order certainly does not say that. Defendants' interpretation makes no sense when viewed alongside the fact that the Court had already determined that discovery should go forward and a month after the order Defendants cite, and the Court heard argument and directed depositions focused on personal jurisdiction to proceed.

To be sure, the Court was not permitting Plaintiffs to go on a fishing expedition. But a review of the questions at issue here shows that they were focused and sought the exact information that courts consider when determining whether specific jurisdiction exists. Tellingly, no Defendants assert that answering such simple and direct questions such as "Do you have a policy in place to address requests that you receive pursuant to Daniel's Law?"; "Do you take any steps to

suppress or restrict information relating to New Jersey residents?"; or "Is a user able to access an address?" is embarrassing, oppressive or unduly burdensome. Taking a few minutes to answer is not burdensome.

Defendants' refusal to answer is solely premised on the incorrect notion that these lines of questioning are irrelevant to this Court's jurisdictional analysis. But these questions fall within the "broad scope of relevance," and Defendants cannot show that the information would be "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." See Barton v. RCI, LLC, 2013 WL 1338235, at *3 (D.N.J. April 1, 2013) (citing Fed. R. Civ. Proc. 26(b)(1)). Defendants' obstructionist conduct and refusal to answer basic questions related to the jurisdictional analysis resulted in still more burdensome discovery, namely this unnecessary motion practice.

## II. DEFENDANTS MUST ANSWER PERSONAL JURISDICTION DEPOSITION QUESTIONS EVEN IF THE QUESTIONS ALSO RELATE TO THE MERITS

Defendants are also wrong that they were entitled to refuse to answer questions that overlap with merits discovery. Defendants cite no case for that proposition. To the contrary, courts acknowledge that merits and jurisdictional discovery often overlap. See, e.g., Mohammadi v. United States, 2025 WL 2100397, at *4 (D.N.J. July 25, 2025) (citing S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 343-44 (3d Cir. 2012) (explaining that "the line between jurisdiction and

merits is sometimes unclear because jurisdiction and merits questions may be intertwined").

Again, in this Circuit, personal jurisdiction discovery is allowed unless the assertion of jurisdiction is clearly frivolous. Toys "R" Us, Inc., 318 F.3d at 456. Thereafter, plaintiffs are entitled to a "chance to develop its facts through jurisdictional discovery," as it attempted to do here. See United Emp. Assocs. v. Landmark Constr. Co., 2024 WL 3086252, at *4 (E.D. Pa. June 21, 2024) (permitting plaintiff to proceed to jurisdictional discovery).

Obviously, specific jurisdiction discovery will sometimes unearth information related to the merits, as a finding of specific jurisdiction requires that the forum-focused activity relate to or arise out of the tortious conduct. The fact that some of the information sought will also be relevant to proving liability does not act as a bar or limitation on what is relevant under the Rules. A review of the questions here shows that Plaintiffs asked narrowly focused questions directly related to specific jurisdiction, answers to which the Court must evaluate to determine whether specific jurisdiction exists. Defendants cannot avoid answering those questions because some of the answers also relate to the merits of the action.

## III.    THE CALDER EFFECTS TEST IS APPLICABLE AND SATISFIED BY DEFENDANTS' CONDUCT

Defendants also have it wrong (and backwards) in their Opposition, arguing that the facts in these cases demonstrate that the Calder effects test does not apply.

5

Obtaining those facts is exactly the purpose of conducting the personal jurisdiction discovery in the first place. Defendants cannot refuse to provide those facts and then argue there are no facts to support jurisdiction. Moreover, because discovery has already been ordered to proceed, the application of the Calder effects test is not "clearly frivolous." Toys "R" Us, 318 F.3d 446 at 456. Whether Defendants expressly aimed their conduct at New Jersey, as required under Calder, will be determined after the facts are obtained.

Regardless, Defendants' actions easily meet the Calder test here. Defendants argue that Calder cannot apply because Daniel's Law is not an intentional tort. That is wrong. First, Daniel's Law provides for punitive damages when a Defendant acts willfully. Here, Plaintiffs have alleged that Defendants acted willfully when they disclosed the protected information. That is an intentional tort.

Second, Defendants claim Daniel's Law only requires negligence, so it is not an intentional tort. Defendants are looking at the wrong element of Daniel's Law; it is the disclosure after having knowledge of Plaintiffs' rights that is intentional, making a violation an intentional tort. Just like battery, it is the element of the purposeful touching that makes it an intentional tort, not the purposeful causing of harm. The intent to disclose the information is the basis of the tort, not that Defendants intended the harm or wrongful effects of that disclosure. See, e.g., Monturi v. Englewood Hosp., 588 A.2d 408, 210 (N.J. App. Div. 1991) (battery

6

requires intentional contact, not intentional harm as a result). This is especially true for torts that require a defendant to have notice. <u>See, e.g.</u>, Restatement (Second) of Torts §§ 161 (continuing trespass) & 825 (intentional nuisance). In addition, this Court analogized Daniel's Law to certain privacy laws in New Jersey, all of which are categorized as intentional torts under the New Jersey Model Civil Jury Charges. <u>See</u> Assault and Battery, NJ J.I. CIV 3.10; Public Defamation, NJ J.I. CIV 3.11A; Private Defamation, NJ J.I. CIV 3.11B; Malicious Prosecution Action Based Upon a Prior Criminal Proceeding, NJ J.I. CIV 3.12; Malicious Prosecution Based Upon a Prior Civil Proceeding, NJ J.I. CIV 3.13; Invasion of Privacy, NJ J.I. CIV 3.14; <u>see also</u> D.E. 73 at pg. 17&n.9. All require some form of intentional disclosure, just like Daniel's Law.

Defendants' other arguments against the application of <u>Calder</u> demonstrate exactly why this discovery is needed. Defendants claim that they do not expressly aim their activities at New Jersey because (1) they operate general websites; (2) they did not know Plaintiffs were in New Jersey; or (3) Defendants did not manifest any behavior at New Jersey. These arguments fail. Defendants obtain Protected Information from New Jersey. Defendants knew (or should have known) that prohibited disclosures of that Protected Information affect the privacy and safety rights of Plaintiffs and Covered Persons. Defendants knew (or should have known) that those harms would be felt in New Jersey, because each non-disclosure request

7

transmitted by Covered Persons to Defendants identified that the senders were covered by New Jersey's Daniel's Law with New Jersey addresses and/or unpublished phone numbers.

That is also what distinguishes the cases that Defendants rely on. In the cases Defendants cite, like <u>Hasson</u>, the defendants did not know where the plaintiffs were or where the harm would be felt until <u>after</u> they committed the wrongful acts (wiretapping), whereas here, the Defendants know <u>before</u> they committed the wrongful disclosures that they would affect and harm Plaintiffs—who are current and former New Jersey judges, prosecutors, law enforcement officers, or their families—in New Jersey, and that the impact the harm will be felt there. <u>See</u> <u>Hasson v. FullStory, Inc.</u>, 114 F.4th 181, 196 (3d Cir. 2024) (requiring that defendants know that plaintiff "would suffer the brunt of the harm caused by the tortious conduct in the forum").

The very nature of Defendants' intentional disclosure of New Jersey addresses and phone numbers shows that Defendants directed their behavior at the forum. Defendants do not just operate "passive websites" that people from around the world access. Defendants intentionally disclose information about Covered Persons' locations. Just like in <u>Johnson v. Griffin</u>, 85 F.4th 429 (6th Cir. 2023) and <u>Goldfarb v. Kalamodos</u>, 539 F.Supp.3d 435, 452 (E.D. Pa. 2021), the crux of Defendants' wrongful disclosure (i.e., New Jersey residents' addresses and unpublished phone

8

numbers) is expressly intertwined with the targeted forum. In those cases, it was defamatory statements specifically involving the plaintiffs' locations in Tennessee and Pennsylvania. <u>Johnson</u>, 85 F.4th at 433; <u>Goldfarb</u>, 539 F. Supp. 3d at 452. Here, the content of the disclosures was New Jersey locations. In other words, New Jersey is both the target and subject of the disclosures itself.

## IV.    DEFENDANTS WAIVED ANY OBJECTIONS TO THE 30(B)(6) TOPICS

Defendants' Opposition fails at the threshold because Plaintiffs did meet and confer with two Defendants, Equimine Inc. ("Equimine") and Melissa Data Corporation ("Melissa Data"), and neither Equimine nor the third Defendant, Innovative Web Services, LLC ("IWS"), objected to Plaintiffs' Rule 30(b)(6) deposition notices. Defendant Equimine also appears to represent in its Oppositions that Plaintiffs "ignored" their requests to meet and confer, which is false. The parties met and conferred on December 2, 2025. Defendant IWS argues that Plaintiffs failed to meet and confer before IWS' deposition, but IWS failed to raise any objections to the deposition notice, indicating that there was no dispute about the appropriate scope of questions.

Under the Federal Rules of Civil Procedure, objections to the scope or propriety of a Rule 30(b)(6) notice must be timely raised, typically through written objections, a motion for protective order, or at minimum a good-faith objection on

the record. Having failed to do so, Defendants cannot now retroactively justify their witness's refusal to answer deposition questions squarely within the noticed topics.

Rule 30(b)(6) imposes an affirmative duty on the responding party to designate and prepare a witness to testify fully and knowledgeably on the noticed matters. That obligation is not optional, nor is it contingent on post-hoc negotiations about the scope of testimony. Where, as here, Defendants appeared for the deposition without objection and then instructed their witness not to answer—or allowed the witness to evade—questions within the noticed areas, Defendants violated both the letter and spirit of Rule 30(b)(6).

Nor were Plaintiffs required to meet and confer before seeking relief by way of its Motion to Compel, after the Court instructed Plaintiffs to do so. Plaintiffs were confronted with improper refusals to answer during depositions that Defendants had already agreed to proceed with as noticed. The Rules do not require a party to engage in a futile meet-and-confer process to cure a problem caused by the opposing party's waiver and noncompliance. Indeed, requiring further conferral under these circumstances would reward Defendants' failure to timely object and undermine the efficiency Rule 30(b)(6) is designed to promote.

Because Defendants waived any objections to the deposition topics and improperly obstructed the examination, Plaintiffs are entitled to an order compelling further testimony and appropriate relief under Rules 30 and 37.

## **CONCLUSION**

For all of these reasons, the Court should grant the motion to compel and provide the Rule 37 relief requested above.

Dated: February 2, 2026              Respectfully submitted,

                                     **PEM LAW LLP**

                                     By: */s/ Rajiv D. Parikh*
                                            Rajiv D. Parikh

                                     Rajiv D. Parikh
                                     Kathleen Barnett Einhorn
                                     Jessica A. Merejo
                                     1 Boland Dr., Suite 101
                                     West Orange, New Jersey 07052
                                     Telephone: (973) 557-5700
                                     Email: rparikh@pemlawfirm.com
                                     keinhorn@pemlawfirm.com
                                     jmerejo@pemlawfirm.com

                                     **BIRD MARELLA RHOW
                                     LINCENBERG DROOKS NESSIM
                                     LLP**
                                     Ekwan E. Rhow (*pro hac vice*)
                                     Elliot C. Harvey Schatmeier (*pro hac
                                     vice*)
                                     Bill L. Clawges (*pro hac vice*)
                                     1875 Century Park East, 23rd Fl
                                     Los Angeles, California 90067
                                     Telephone: (310) 201-2100
                                     Email: erhow@birdmarella.com
                                     ehs@birdmarella.com
                                     bclawges@birdmarella.com

                                     *Attorneys for Plaintiffs*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2026, I electronically filed a true and complete copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing.

/s/ *Jessica A. Merejo*
Jessica A. Merejo